UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:03-CR-00128-APG-RJJ |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO VACATE SENTENCE** |
| JAMES KENNETH DAILEY, | (ECF No. 94) |
| Defendant. | |

Defendant James Dailey is serving a 210-month prison sentence after pleading guilty to distributing drugs. Dailey's sentence is lengthy because he had prior convictions for Nevada robbery, which qualified him for a career-offender enhancement under U.S.S.G. § 4B1.2. Dailey now moves to vacate his sentence, arguing that under recent Supreme Court case law his prior robbery convictions no longer qualify him as a career offender.

I disagree. To qualify as a career offender, Dailey's past robbery convictions must meet § 4B1.2's definition of a "crime of violence." And the Ninth Circuit has made clear that they do. Indeed, the Circuit has directly addressed the robbery statute Dailey was convicted under and held that it qualifies as a crime of violence. I therefore deny Dailey's motion.

**Discussion**

Under Guidelines § 4B1.1(a), a defendant is a career offender if he has at least two prior convictions for a "crime of violence." The Guidelines define a "crime of violence" as any offense that either "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another" or "(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

The first clause is sometimes referred to as the "force" clause. The second clause, the "enumerated offense clause," lists specific crimes that will qualify if the crime of conviction is a

categorical match for the elements of the generic listed offenses.  The language in section (a)(2) that refers to crimes that otherwise involve conduct presenting a serious risk of physical injury is known as the "residual" clause.  Thus there are three potential clauses for a prior conviction to qualify under: (1) the force clause, (2) the enumerated offenses clause, and (3) the residual clause.  Dailey's sentence was enhanced based on his two convictions for Nevada robbery under Nevada Revised Statute § 200.380.

Dailey argues that the Supreme Court's decision in *United States v. Johnson*—in which the Court struck down the similarly-worded residual clause in the Armed Career Criminal Act—should invalidate § 4B1.1(a)'s residual clause.  The government argues that Dailey should be barred from raising his challenge because it is untimely under 28 U.S.C. § 2255.  It turns out that I need not address either of these issues, because even if § 4B1.1(a)'s residual clause is infirm, and even if Dailey can make it past the time bar in § 2255, his Nevada robbery convictions qualify as crimes of violence under the enumerated offenses clause.

The Ninth Circuit expressly held as much in *United States v. Harris*.[1]  There, the circuit court held that a Nevada robbery conviction under § 200.380 qualifies as a crime of violence under the Guidelines because any way a defendant commits this crime will always satisfy the definition of either generic robbery or generic extortion under § 4B1.1(a).[2]  Because there is no way to violate the statute without meeting the requirements of one of § 4B1.1(a)'s enumerated offenses, the court held that a conviction under this statute categorically qualifies as a crime of violence.[3]  *Harris* adopted this either-or test from an earlier Ninth Circuit case, *Becerril-Lopez*.[4]

---

[1] See *United States v. Harris*, 572 F.3d 1065, 1066 (9th Cir. 2009).

[2] *Id.*

[3] *Id.*

[4] *United States v. Becerril-Lopez*, 541 F.3d 881, 892 (9th Cir. 2008).

Dailey contends that *Harris* and *Becerril-Lopez* have been undermined, arguing that the Supreme Court rejected this either-or theory in *Descamps v. United States*, 133 S. Ct. 2276 (2013). Dailey's interpretation of *Descamps* is that a prior conviction must categorically qualify as a single enumerated offense, and that courts cannot mix and match elements. So a state conviction must be equivalent to either robbery or extortion, but not both.

But *Descamps* says no such thing. The Supreme Court merely addressed the types of materials that courts can consult when trying to figure out whether a prior conviction is a categorical match for an enumerated offense—it never reached the question of whether a prior conviction can qualify as alternate enumerated offenses.[5] And the Ninth Circuit's recent caselaw confirms that *Harris's* either-or analysis is the right approach. This approach was first applied in *Becerril-Lopez,* which held that a California robbery statute qualified as a crime of violence because any commission would be equivalent either to robbery or extortion.[6] *Harris* then applied *Becerril-Lopez* to Nevada's robbery statute.[7] Just this last year, the Ninth Circuit confirmed in an unpublished decision that *Becerril-Lopez* and *Harris's* either-or approach remains good law: "In *Becerril-Lopez* . . . the Court reasoned that a defendant who commits robbery . . . necessarily commits either generic robbery or generic extortion, and thus categorically commits a crime of violence. . . . This holding is undisturbed."[8]

---

[5] *Descamps*, 133 S.Ct. at 2281 ("This case presents the question whether sentencing courts may also consult those additional documents when a defendant was convicted under an 'indivisible' statute—i.e., one not containing alternative elements—that criminalizes a broader swath of conduct than the relevant generic offense."); *United States v. Chavez-Cuevas*, 2017 WL 2927635, at *7 (9th Cir. July 10, 2017) ("These Supreme Court decisions [including *Descamps*] did not consider whether potential conduct proscribed by a state burglary statute but not by the generic burglary offense could categorically satisfy the elements of a different enumerated generic crime of violence.").

[6] *Becerril-Lopez*, 541 F.3d at 892.

[7] *Harris*, 572 F.3d at 1066.

[8] *United States v. Tate*, 659 F. App'x 386, 388 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 1333 (2017) (quotation omitted).

Page 3 of 4

Finally, last week the Ninth Circuit issued a published decision removing any doubt about whether this either-or approach comports with the Supreme Court's recent decisions, holding that "the *Becerril–Lopez* court . . . rightly determined that while California robbery . . . may be broader than two particular generic offenses, it nevertheless was categorically a crime of violence because its elements would always constitute either generic robbery or generic extortion, both of which are defined as crimes of violence."[9] In light of this authority, I deny Dailey's motion.

### A. I decline to grant Dailey a certificate of appealability.

To appeal this order, Dailey must receive a certificate of appealability from a circuit or district judge.[10] To obtain that certificate, Dailey "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[11] Given the express authority holding that Dailey is barred from bringing his challenge, I deny his request for a certificate of appealability.

### Conclusion

IT IS THEREFORE ORDERED that defendant Dailey's motion under 28 U.S.C. § 2255 **(ECF No. 94) is DENIED**.

DATED this 14th day of July.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[9] *Chavez-Cuevas*, 2017 WL 2927635, at *8.
[10] 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1(a).
[11] *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation omitted).